Jihad M. Smaili, Esq. [262219]
Stephen D. Counts, Esq. [231348]
**SMAILI & ASSOCIATES, PC**
2114 North Broadway, Suite 200
Santa Ana, California 92706
714-547-4700
714-547-4710 (facsimile)
jihad@smaililaw.com
stephen@smaililaw.com

Attorneys for Plaintiff
BRIAN NORWOOD

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| BRIAN NORWOOD, an individual;<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES, CO., a corporate entity form unknown; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 5:25-cv-01603-MEMF<br>Assigned for all purposes to the Honorable Maame Ewusi-Mensah Frimpong<br><br>**FIRST AMENDED COMPLAINT:**<br>1. Discrimination in Violation of Gov. Code §12940 *et seq.*<br>2. Harassment in Violation of Gov. Code §12940 *et seq.*<br>3. Failure to Accommodate in Violation of Gov. Code § 12940(m)<br>4. Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n)<br>5. Race/Color Discrimination in Violation of Gov. Code §12940 *et seq.*<br>6. Age Discrimination in Violation of Gov. Code §12940 *et seq.*<br>7. Gender Discrimination in Violation of Gov. Code §12940 *et seq.*<br>8. Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k)<br>9. Retaliation in Violation of Gov. Code §12940(h)<br>10. Wrongful Termination<br>11. Failure to Provide Employment Records in Violation of Cal. Labor Code §1198.5 *et seq.*<br>12. Violation of Business & Professions Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL**<br>**UNLIMITED JURISDICTION** |

Smaili & Associates, P.C.

Plaintiff Brian Norwood (hereinafter "Plaintiff") alleges as follows:

## THE PARTIES

1. At all times mentioned herein, and at the time the causes of action arose, Plaintiff was and is an individual.

2. Plaintiff is informed and believes that at all times mentioned herein, Defendant Southwest Airlines, Co. (hereinafter "Southwest Airlines") is a Texas corporation, qualified to do business in the State of California, with operations at its Ontario International Airport (ONT) facility in the County of San Bernardino. Plaintiff is further informed and believes that Southwest Airlines was transacting business in the County of San Bernardino at the time Plaintiff's claims arose. At all times relevant, Southwest Airlines was an employer within the meaning of Government Code § 12926(d) and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(f), and was barred from harassing, discriminating, or retaliating against Plaintiff in personnel, scheduling, employment, promotion, advancement, retention, hiring, terminating, and other decisions relating to Plaintiff's employment on the basis of race, disability, age, gender, participation in protected activity, and other protected characteristics under California and federal law.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1—50, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when ascertained, pursuant to Federal Rule of Civil Procedure 15. Plaintiff is informed and believes that each DOE Defendant was responsible in some manner for the occurrences and damages alleged herein.

4. Each reference in this Complaint to "Defendant" and/or "Defendants" refers to Southwest Airlines, and also refers to all Defendants sued under fictitious names, jointly and severally.

5. Plaintiff is informed and believes that Defendants, and each of them,

Smaili & Associates, P.C.

were legally responsible for the events, happenings, and circumstances alleged herein. Defendants, and each of them, proximately subjected Plaintiff to the unlawful practices, wrongs, complaints, injuries, and/or damages alleged herein. Defendants were the agents, servants, and/or employees of some or all other Defendants, acting within the course and scope of that agency, servitude, and/or employment.

6. Plaintiff is informed and believes that Defendants, and each of them, were members of and/or engaged in a joint venture, partnership, and common enterprise, acting within the course and scope of said joint venture, partnership, and common enterprise.

7. Plaintiff is informed and believes that Defendants, and each of them, concurred in and contributed to the acts and omissions of each other in proximately causing the complaints, injuries, and/or damages alleged herein. Defendants approved, condoned, and/or ratified each other's acts and/or omissions, and aided and abetted the same, thereby proximately causing the damages alleged herein.

8. Plaintiff is informed and believes and thereon alleges that at all actions alleged herein committed by Defendants were committed by managing agents of Defendants, or, such conduct was known by and/or ratified by managing agents of Defendants.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), as Plaintiff is a citizen of California, Defendant Southwest Airlines is a citizen of Texas, and the amount in controversy exceeds $75,000, with alleged damages between $300,000 and $3,000,000. This matter was removed from the Superior Court of California, County of San Bernardino (CIVSB2506074), to the United States District Court for the Central District of California – Eastern Division, pursuant to 28 U.S.C. § 1441 (Case No. 2:25-cv-05600).

10. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the County of San Bernardino, California, at Defendant's Ontario International Airport (ONT) facility. All claims and causes of action alleged herein accrued in the County of San Bernardino, State of California.

## FACTUAL BACKGROUND

11. On or about August 1, 2022, Defendant hired Plaintiff, an African-American male aged 44, as a ramp agent at its Ontario, California (ONT) facility. His job duties included, but were not limited to, marshalling in airplanes and offloading luggage and cargo from airplanes. At 44 years of age, Plaintiff worked hard and earned an hourly wage of $17.00, with an overtime rate of $25.50.

12. Following his probationary period, Plaintiff demonstrated exceptional work ethic, as acknowledged by Supervisor Shaun ("Shaun"), who commended Plaintiff for outstanding performance in or around November 2022. Despite Plaintiff's exemplary performance and excellent attendance record, even while managing personal challenges (e.g., a family member's stage 4 cancer), Defendant subjected Plaintiff to pervasive discrimination, harassment, and retaliation, culminating in his constructive termination on April 5, 2023.

13. In or around December 2022, Plaintiff sustained significant injuries while loading and offloading luggage, diagnosed as a slipped disc causing sciatica in both legs, two medial collateral ligament (MCL) tears (one in each knee), and a right shoulder strain. These conditions substantially limited Plaintiff's ability to walk, stand, bend, kneel, and lift, constituting disabilities under FEHA, Government Code § 12926(m)(1).

14. Plaintiff promptly reported these injuries to Shaun in December 2022, stating his "knees were bothering [him]" and requesting lighter duties. Shaun provided kneepads but failed to refer Plaintiff for medical evaluation or reduce his workload, advising him to manage pain with over-the-counter medication like



Smaili & Associates, P.C.

Ibuprofen. Plaintiff was forced to continue working through immense pain, exacerbating his injuries.

15. Plaintiff further notified Defendant of his disabilities during a meeting with Station Manager Jesse Perez ("Mr. Perez") and union representative Ray Paez ("Mr. Paez") on or around January 17, 2023, reporting that he was taking Ibuprofen to manage pain from heavy workloads, including flights with 170–180 bags of cargo assigned by Supervisor Juan Carlos ("Mr. Carlos"). Plaintiff requested accommodations, specifically lighter workloads, comparable to the 90-bag flights assigned to other employees. However, Defendant failed to engage in a good faith interactive process, or offer accommodations, in violation of FEHA §§ 12940(m-n). Plaintiff was forced to seek medical attention independently, confirming his diagnoses.

16. Plaintiff was subjected to pervasive racial discrimination and harassment by Mr. Carlos, Operations Manager Raul Martinez ("Mr. Martinez"), Mr. Perez, and male Hispanic/Latino coworkers, creating a hostile work environment in violation of FEHA, Government Code § 12940(j).

17. From August 1, 2022, to April 5, 2023, male Hispanic/Latino coworkers made daily racially derogatory jokes targeting Black and Asian individuals, including comments mocking "Blacks being stupid" and "Asian eyes," which Plaintiff found offensive and humiliating. For example, in October 2022, during a locker room break, coworkers made such remarks and asked Plaintiff to join in, which he rejected, stating, "I don't appreciate that. I'm here to work." Mr. Carlos and Mr. Perez frequently passed through the locker room, overheard these jokes, and took no action. For instance, in October 2022, Mr. Carlos was present when coworkers made jokes about "Blacks being stupid" but did not intervene, ratifying the hostile environment.

18. Plaintiff is informed and believes, based on a conversation with a Black coworker, Marcus Anderson, in August 2022, that Defendant's workplace

had a longstanding culture of rampant discrimination against African-American employees. Mr. Anderson, who also worked for another airline but never missed a day at Southwest, reported that he and Plaintiff were the only part-time employees with perfect attendance, yet both faced persistent harassment by Hispanic employees. Mr. Anderson was routinely pressured by these employees to quit one of his jobs, despite non-African-American employees who worked multiple airlines and missed Southwest shifts facing no reprimand. This racially motivated double standard forced Mr. Anderson to resign, while others retained both jobs. Plaintiff experienced similar racial discrimination, as Mr. Carlos assigned him heavier flights (170–180 bags) while assigning Hispanic employees, particularly younger Hispanic female coworkers, lighter flights. When Mr. Carlos was absent, other supervisors assigned Plaintiff normal workloads (90-bag flights), confirming Mr. Carlos's assignments were deliberately discriminatory.

19. On January 17, 2023, Plaintiff sent a detailed letter to Mr. Perez and Mr. Paez describing a "toxic work environment" caused by Hispanic/Latino coworkers' sabotage and neglect of duties, leaving Plaintiff to handle excessive workloads. The letter detailed a January 16, 2023, incident where Kayle Proffitt ("Ms. Proffitt") verbally attacked Plaintiff for sending luggage down the belt loader while she and the younger female coworkers refused to assist, complaining to Mr. Carlos, who criticized Plaintiff instead.

20. In his January 17 letter, Plaintiff also described an October 2022 incident where another of the younger, female coworkers deliberately worked slowly, admitted to sabotaging the team's efforts, and took Plaintiff's tug, impeding his ability to manage over 100 bags and a simultaneous flight. Plaintiff stated, "Because I am a person of color, the brutal constant covering of other part-timers does not fit the meaning of equity in the workplace," explicitly linking the mistreatment to his race. Mr. Perez failed to investigate or take corrective action, and Mr. Paez, had previously intimidated Mr. Anderson by stating, "I'm from

Smaili & Associates, P.C.

Compton," discouraging complaints. Mr. Paez was also unavailable when Plaintiff sought to file a formal complaint against Mr. Carlos in October 2022.

21. Plaintiff, aged 44 during his employment, was subjected to age-based discrimination, as Mr. Carlos favored younger Hispanic female coworkers with lighter workloads (90-bag flights) while assigning Plaintiff heavier tasks (170–180 bags). Plaintiff is informed and believes, based on workplace knowledge, that Defendant had a systematic policy of marginalizing employees over 40, as evidenced by Mr. Carlos's favoritism toward younger coworkers and derogatory comments about older employees. Plaintiff was replaced by an employee under 40 after his resignation, further evidencing age-based discrimination, in violation of FEHA § 12940(a).

22. Plaintiff, a male employee, was subjected to gender-based discrimination by Mr. Carlos, who favored younger Hispanic female coworkers by assigning them lighter workloads and excusing their neglect of duties, while assigning Plaintiff heavier flights. Plaintiff's January 17, 2023, letter detailed how these female coworkers neglected duties, leaving Plaintiff to perform their tasks, and were not disciplined due to their relationships with Mr. Carlos, a male supervisor approximately 60 years old. Plaintiff is informed and believes, based on a comment from Shaun in August 2022 and widespread workplace knowledge, that these relationships were inappropriate, disadvantaging male employees like Plaintiff, who faced heavier workloads and scrutiny. For example, on November 15, 2022, Plaintiff handled a 170–180-bag flight alone while female coworkers remained idle, laughing as Mr. Carlos dismissed Plaintiff's protests.

23. Plaintiff was not paid for 5–10 hours of overtime per week from August 1, 2022, to April 5, 2023, totaling approximately 260–520 hours annually, due to Mr. Carlos's deliberate manipulation of Plaintiff's timesheets. Plaintiff tracked hours via Defendant's electronic swipe system, but Mr. Carlos, with supervisory authority, altered entries. For example, on November 15, 2022,



Smaili & Associates, P.C.

Plaintiff swiped in at 6:00 AM and out at 6:00 PM, logging 12 hours (4 overtime) on a 170–180-bag flight, but was paid for 8 hours. On January 17, 2023, Mr. Martinez coerced Plaintiff to sign a document falsely stating he refused overtime, threatening disciplinary action, with Mr. Paez present but not advocating. Plaintiff reported wage discrepancies in the January 2023 meeting, but Mr. Perez took no action. Plaintiff is informed and believes that Hispanic employees, including female coworkers, were not subjected to similar timesheet manipulations, indicating racial and gender-based discrimination.

24. Plaintiff's attempts to seek accommodations and address discrimination were met with retaliation. After reporting his disabilities and requesting lighter workloads in August 2022 and January 2023, Mr. Carlos increased Plaintiff's heavy assignments. Following the January 17, 2023, letter, Mr. Perez and Mr. Paez discouraged further complaints, and Mr. Paez informed Plaintiff that Mr. Perez sought to terminate him, overruled by corporate due to his exemplary record. The daily racial jokes, heavy workloads, favoritism toward younger Hispanic female coworkers, supervisory inaction, timesheet manipulations, and failure to accommodate caused Plaintiff severe emotional distress (insomnia, anxiety, humiliation) and physical pain, creating intolerable conditions that forced his resignation on April 5, 2023, constituting constructive termination under *Turner v. Anheuser-Busch, Inc.* (1994) 7 Cal. 4th 1238.

25. On November 22, 2023, Plaintiff, via counsel, requested his payroll stubs and personnel file, but Defendant failed to provide these, violating California Labor Code §§ 226(b), (c), and 432(b).

26. Plaintiff exhausted administrative remedies by filing a complaint with the California Civil Rights Department (CCRD) and receiving a right-to-sue notice on March 10, 2025.

**<u>FIRST CAUSE OF ACTION</u>**

**DISCRIMINATION IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE § 12940 et seq.**

**(Against All Defendants)**

27. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

28. California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability. FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

29. Plaintiff has a disability as alleged above.

30. Defendant was aware of Plaintiff's disability, as herein alleged, because Plaintiff specifically reported said disability directly to Defendant via Defendant's supervisors and managing agents.

31. At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

32. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's disability, Defendant refused to engage Plaintiff in an interactive process, refused to communicate with Plaintiff, refused to accommodate Plaintiff, denied Plaintiff opportunity for advancement, promotion and the ability to earn a living, and terminated Plaintiff.

33. Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's

disability in violation of FEHA, and particularly *Gov't Code* §12940(a).

34. As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial, but believed to be no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000).

35. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

36. Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

37. Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

38. Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

39. Plaintiff is informed and believes and thereon alleges that his

Smaili & Associates, P.C.

disability was a motivating factor in the decision of Defendant to discriminate against him and terminate him.

40. The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

41. The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

42. Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

**SECOND CAUSE OF ACTION**

**HARASSMENT IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE § 12940 et seq.**

**(Against All Defendants)**

43. Plaintiff re-alleges and incorporates by reference all allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

44. California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits harassment of persons with a physical condition or disability, which is broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability. FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics.

45. Employers are strictly liable for harassment committed by their agents

Smaili & Associates, P.C.

or supervisors. *State Dept. of Health Services v. Superior Court* (2003) 31 Cal.4th 1026, 1034.

46. *Gov. Code*, § 12940(j)(1) states that employers may be liable for harassment committed by employees who are not agents or supervisors, and even non-employees depending on the degree of the employer's control of the non-employee, if the employer or its agents or supervisors know or should have known about the conduct and failed to take "immediate and appropriate corrective action."

47. *Gov. Code*, § 12940(j)(1) further states that "an entity shall take all reasonable steps to prevent harassment from occurring. Loss of tangible job benefits shall not be necessary in order to establish harassment."

48. *Gov. Code* § 12940(j)(3) further states that an employee "is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action."

49. Defendants were aware of Plaintiff's disability, race/color, and age, as herein alleged, because Plaintiff specifically reported the same directly to Defendant via Defendant's supervisors and managing agents.

50. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's disability, race/color, and age, Defendant harassed Plaintiff, in violation of FEHA, and particularly *Gov't Code* §12940(j).

45. Plaintiff is informed and believes, and thereon alleges, that Defendant's harassment was severe and pervasive.

46. Plaintiff is informed and believes, and thereon alleges, that a reasonable similarly aged person in Plaintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive, or abusive.

47. Plaintiff is informed and believes, and thereon alleges, that

Defendant's harassment was a substantial factor in causing Plaintiff harm.

51. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial, but believed to be no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000).

52. Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

53. Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

54. Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of harassing against and retaliating against employees based on the protected characteristics shared with Plaintiff. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

55. The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

56. The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under

California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

57. Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

**<u>THIRD CAUSE OF ACTION</u>**

**FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(m)**

**(Against All Defendants)**

58. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

59. Plaintiff has a disability as alleged above.

60. Defendant was aware of Plaintiff's disability, as alleged above and herein.

61. Defendant failed and refused to accommodate Plaintiff's needs, and, failed and refused to engage in an interactive process with Plaintiff, and, failed to address Plaintiff's needs in light of his disabilities.

62. At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

63. Defendant's failure to accommodate Plaintiff, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

64. As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, in an amount of no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000), all subject to proof at the time of trial.

65. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

66. Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

67. Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

68. Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

69. Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of

Defendant to discriminate against him and ultimately terminate him.

70. The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

71. The conduct of Defendant as alleged hereinabove was done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

72. Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

## <u>FOURTH CAUSE OF ACTION</u>

## FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(n)

**(Against All Defendants)**

73. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

74. Plaintiff has a disability as alleged above.

75. Defendant was aware of Plaintiff's disability, as alleged above and herein.

76. Defendant failed and refused to engage Plaintiff in an interactive process designed to unite Plaintiff with his job.

77. At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job if such reasonable accommodation had been made by Defendant. At no time would the performance of the functions of the employment

position, with a reasonable accommodation for Plaintiff's disabilities, have been a danger to Plaintiff's or any other person's health or safety, nor would it have created an undue hardship to the operation of Defendant's business.

78. Defendant's failure to engage with Plaintiff in an interactive process, as alleged above, constitutes unlawful conduct in employment in violation of FEHA, and particularly *Gov't Code* §12940.

79. As a direct, foreseeable, and proximate result of Defendant's wrongful conduct against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's wrongful conduct, all in an amount no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000), subject to proof at the time of trial.

80. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

81. Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

82. Defendant, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

83. Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating

Smaili & Associates, P.C.

against employees with disabilities. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

84. Plaintiff is informed and believes and thereon alleges that Defendant's desire to avoid accommodating Plaintiff was a motivating factor in the decision of Defendant to discriminate against him and ultimately terminate him.

85. The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

86. The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

87. Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq.*

**FIFTH CAUSE OF ACTION**

**RACE/COLOR DISCRIMINATION**

**IN VIOLATION OF GOV CODE §12940 *et seq.***

**(Against all Defendants)**

88. Plaintiff re-alleges and incorporates by reference all allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

89. California law, and particularly the Fair Employment and Housing Act ("FEHA"), codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons with a physical condition or disability, which is

broadly defined therein, and which includes even the perception that a person has a medical or mental condition and/or physical condition or disability. FEHA further prohibits discrimination based upon, *inter alia*, age, race, gender, sexual orientation, national origin, pregnancy and other immutable characteristics

90. FEHA, codified at *Government Code* §12900 *et seq.*, prohibits discrimination against persons based on race and/or national origin.

91. Plaintiff identifies as African-American.

92. Defendant was aware that Plaintiff identifies as African-American because Plaintiff specifically advised Defendant, and each of them, of the same.

93. At all times herein alleged, Plaintiff was qualified for the position of employment that she held with Defendant and was able to perform the essential functions of that job.

94. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's race/national origin, Defendant decided to terminate Plaintiff's employment, and in fact, did terminate Plaintiff's employment.

95. Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's race/national origin, in violation of FEHA, and particularly *Gov't Code* §12940.

96. As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount believed to be no less than three-hundred thousand dollars ($300,000), and no more than three million dollars ($3,000,000), subject to proof at the time of trial.

97. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer

emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

98. Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

99. Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

100. Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees based on their race/national origin. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

101. Plaintiff is informed and believes and thereon alleges that his race/national origin was a motivating factor in the decision of Defendant to discriminate against him and/or terminate him.

102. The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

103. Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to *Gov't Code* §12900 *et seq*.

Smaili & Associates, P.C.

**<u>SIXTH CAUSE OF ACTION</u>**

**AGE DISCRIMINATION**

**IN VIOLATION OF GOV. CODE § 12940 *et seq.***

**(Against all Defendants)**

104. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

105. At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in full force and effect and were binding on Defendant. These sections require Defendant to refrain from discriminating against any employee over the age of 40 because of their age.

106. At the time of Plaintiff's termination and at all times that Defendant was discriminating against Plaintiff as alleged herein, Plaintiff was over the age of 40. Plaintiff is informed and believes and thereon alleges that after years of wholly satisfactory, competent and diligent performance to the profit of Defendants, that Plaintiff's age, being over 40, was a motivating factor in Defendant's decision to terminate Plaintiff's employment. Said conduct by Defendants was intentional and willful.

107. Plaintiff is informed and believes and thereon alleges that Plaintiff was replaced with an employee below the age of 40.

108. Defendant was aware of Plaintiff's age, as herein alleged, because Defendant maintained Plaintiff's personnel file which specifically contained the date of Plaintiff's birth and his corresponding age.

109. At all times herein alleged, Plaintiff was qualified for the position of employment that he held with Defendant and was able to perform the essential functions of that job.

110. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's age, Defendant decided to discriminate against

him, and in fact, discriminated against Plaintiff.

111. Defendant's discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's age in violation of FEHA, and particularly Gov't Code §12940.

112. As a direct, foreseeable, and proximate result of Defendant's discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

113. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

114. Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

115. Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

116. Plaintiff is informed and believes and thereon alleges that Defendant has a systemic and wide-spread policy of discriminating against and retaliating against employees over the age of 40. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with

Smaili & Associates, P.C.

impunity.

117. The outrageous conduct of Defendant, and each of them was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

118. Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't Code §12900 *et seq*.

**SEVENTH CAUSE OF ACTION**

**GENDER DISCRIMINATION IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE § 12940 *et seq*.**

**(Against All Defendants)**

119. Plaintiff re-alleges and incorporates by reference all allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

120. At all times herein mentioned, Gov't Code §§12940(a) and 12941 were in full force and effect and were binding on Defendant. These sections require Defendant to refrain from discriminating against any employee on the basis of gender.

121. At the time of Plaintiff's termination, and at all times that Defendant was discriminating against and harassing Plaintiff as alleged herein, Plaintiff was a male. Plaintiff is informed and believes and thereon alleges that his gender was a motivating factor in Defendant's decision to terminate Plaintiff's employment. Said conduct by Defendant was intentional and willful.

122. Defendant was aware of Plaintiff's gender, as herein alleged, because Defendant maintained Plaintiff's personnel file which specifically references his gender.

123. At all times herein alleged, Plaintiff was qualified for the position of



Smaili & Associates, P.C.

Smaili & Associates, P.C.

employment that she held with Defendant and was able to perform the essential functions of that job.

124. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Plaintiff's gender, Defendant decided to terminate Plaintiff's employment, and in fact, did terminate Plaintiff's employment.

125. Defendants discriminatory action against Plaintiff, as alleged above, constitutes unlawful discrimination in employment on account of Plaintiff's gender in violation of FEHA, and particularly Gov't Code §12940.

126. As a direct, foreseeable, and proximate result of Defendants discriminatory action against Plaintiff, as herein alleged, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, the potential for advancement, and additional amounts of money Plaintiff would have received but for Defendant's discriminatory conduct, all in an amount subject to proof at the time of trial.

127. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant as herein alleged, Plaintiff has also suffered and continues to suffer emotional distress and anguish, humiliation, anxiety, and medical expenses all to his damage in an amount subject to proof at trial.

128. Plaintiff is informed and believes and thereon alleges that the above-alleged actions of Defendant were the result and consequence of Defendant's failure to supervise, control, direct, manage, and counsel those agents throughout Plaintiff's employment and that Defendant ratified, condoned and/or encouraged the discriminatory behavior and enabled agents to believe that their conduct was appropriate.

129. Defendants, and each of them, failed to offer counseling or comfort to Plaintiff and sent the unmistakable message that such conduct is appropriate in the workplace.

130. Plaintiff is informed and believes and thereon alleges that Defendant

has a systemic and wide-spread policy of discriminating against and retaliating against male employees. By failing to stop the discrimination, harassment and retaliation, Defendant ratified the discriminatory and retaliatory conduct which, in turn, directly caused a vicious cycle of wrongful conduct with impunity.

131. The outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Defendant and its supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

132. The conduct of Defendant as alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

133. Plaintiff also continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial which fees and expenses are recoverable pursuant to Gov't Code §12900 *et seq*.

## EIGHTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(k)

**(Against All Defendants)**

134. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

135. During the course of employment, Defendant, and each of them, failed to prevent or remedy discrimination, retaliation and harassment toward Plaintiff on the basis of his disability, race/color, and age, in addition to engagement in protected activity in violation of *Government Code* §12940(k).

136. As a direct result of the wrongful conduct of Defendant, Plaintiff suffered, and continues to suffer, substantial losses in earnings and other benefits

Smaili & Associates, P.C.

Smaili & Associates, P.C.

in an amount according to proof at the time trial, including special and general damages.

137. As a direct, foreseeable, and proximate result of the wrongful conduct of Defendant, Plaintiff has suffered and continues to suffer emotional distress and anguish, humiliation, substantial losses in salary, bonuses, job benefits, and other employment benefits which he would have received all to his damage in a sum within the jurisdiction of the Court to be ascertained according to proof.

138. Plaintiff is informed and believes and thereon alleges that the outrageous conduct of Defendant, and each of them, as alleged herein, was done with oppression and malice by Plaintiff's supervisors and managers, along with conscious disregard of Plaintiff's rights, and were ratified by those other individuals who were managing agents of Defendant.

139. As a proximate result of the wrongful conduct of Defendant, and each of them, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish according to proof at the time of trial.

140. These unlawful acts were further encouraged by Defendant and done with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. The conduct of Defendant alleged hereinabove was done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under California law. As such, Plaintiff is entitled to punitive damages within the meaning of *Civ. Code* §3294.

141. Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

**<u>NINTH CAUSE OF ACTION</u>**

**RETALIATION IN VIOLATION OF**

**CALIFORNIA GOVERNMENT CODE §12940(h)**

**(Against All Defendants)**

142. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

143. At all times herein mentioned, FEHA, *Government Code* §12940(h), was in full force and effect and was binding on Defendant. This statute requires Defendant to refrain from retaliating against Plaintiff.

144. Plaintiff is informed and believes and thereon alleges that as a consequence of requesting disability accommodations and medical treatment, lodging complaints about harassing and discriminatory acts being committed against Plaintiff, coupled with Plaintiff's disability, race/color, and age, Defendant took retaliatory action against Plaintiff by failing to determine the essential functions of Plaintiff's job, mistreating Plaintiff, denying Plaintiff advancement and promotion, and ultimately terminating Plaintiff.

145. Defendant unlawfully retaliated against Plaintiff after he engaged in protected activity including requesting disability accommodations, medical treatment, and lodging workplace complaints related to harassment and discrimination that he was facing, and other complaints of a hostile and unsafe working environment.

146. As a proximate result of Defendant's willful, knowing, and intentional conduct against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff's earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, and sleep dysfunction, all to Plaintiff damage in a sum according to proof.

147. These unlawful acts were further encouraged by Defendant and done

Smaili & Associates, P.C.

with a conscious disregard for Plaintiff's rights and with the intent, design, and purpose of injuring Plaintiff. In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff which culminated in Plaintiff discharge, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

148. Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays leave of court to amend this Complaint when said amounts are more fully known.

**TENTH CAUSE OF ACTION**

**WRONGFUL TERMINATION**

**(Against All Defendants)**

149. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein. 149. Defendant was aware of Plaintiff's disability, race/color, and age. Further, Defendant was aware of Plaintiff's complaints about his workplace environment.

150. *Labor Code* §232.5 makes it illegal for an employer to prohibit an employee from discussing their working conditions.

151. *Labor Code* §6310 protects an employee's right to complain of unsafe working conditions.

152. *Labor Code* §6400 requires employers to provide a work environment that is safe for its employees.

153. *Gov't Code* §12940 *et seq.*, prohibits forms of discrimination against protected classes of employees.

154. Defendant wrongfully terminated Plaintiff in violation of a substantial and fundamental public policy in that a determining and motivating factor in Defendant's decision to terminate Plaintiff was the desire to discriminate against

Smaili & Associates, P.C.

him because: (i) he suffered from a disability, (ii) he is African-American, (iii) he is over the age of 40, and (iv) he lodged complaints about his working environment.

155. Plaintiff is informed and believes and thereon alleges that these factors made up Defendant's decision to terminate Plaintiff and/or played an important and integral role in said decision. Such discrimination was in violation of the public policy of the State of California and resulted in damage and injury to Plaintiff as alleged herein.

156. As a proximate result of Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, he has sustained and continues to sustain substantial losses in Plaintiff earnings and other employment benefits and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, and loss of sleep/sleep dysfunction, all to his damage in a sum according to proof.

157. In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff which resulted in his wrongful termination, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## <u>ELEVENTH CAUSE OF ACTION</u>

## FAILURE TO PROVIDE EMPLOYMENT RECORDS IN VIOLATION OF CAL. LABOR CODE §1198.5 et seq.

**(Against All Defendants)**

158. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

159. California Labor Code §1174, subdivision (c), requires employers doing business in the State of California to maintain payroll records and to keep these records in a central location in the State of California.

160. California Labor Code §226, subdivisions (b) and (c), require employers doing business in the State of California to provide current and former employees access to their payroll records.

161. California Labor Code §432, subdivision (b), requires employers doing business in the State of California to provide current and former employees copies of all written instruments they sign upon request.

162. California Labor Code §1198.5 *et seq.*, provides current and former employees the right to inspect their employee personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.

163. Plaintiff, via counsel, requested Defendants to provide Plaintiff with his employee personnel file and payroll records, and Defendants did not provide Plaintiff with inspection rights or complete copies of such records, in violation of the above-described statutes.

164. As a result of Defendant's statutory violations alleged in this Complaint, Plaintiff suffered damages, in an amount to be determined according to proof at trial, costs, and attorney's fees.

165. By reason of the foregoing, Plaintiff has been left without an adequate remedy at law and should be entitled to appropriate injunctive relief from this Court, including, but not limited to, an order by the Court requiring Defendants to turn over copies of Plaintiff's employee personnel file and payroll records to Plaintiff or to provide Plaintiff access to these records as required by law.

166. Plaintiff is entitled to costs and attorney's fees as provided by applicable law, including, but not limited to, California Labor Code §226 subdivisions (e), (f), and (h), and § 1198.5 subdivision (l).

167. Plaintiff is entitled to penalties as provided by applicable law, including, but not limited to, California Labor Code §§ 226 subdivisions (e) and (f), and §1198.5 subdivision (k).

**<u>TWELFTH CAUSE OF ACTION</u>**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *et seq.***

**(Against All Defendants)**

168. Plaintiff re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

169. Defendant, and each of them, have engaged in unfair and unlawful business practices as set forth above.

170. Business & Professions Code § 17200 *et seq.* prohibits unlawful and unfair business practices.

171. By engaging in the above-described acts and practices, Defendant, and each of them, have committed one or more acts of unfair, unlawful or fraudulent competition within the meaning of Business & Professions Code §17200 *et seq.*

172. Defendant, and each of them, have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendant, and each of them, have acted contrary to public policies and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

173. As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that he would have received as an employee of Defendant, and each of them.

174. Plaintiff seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Business & Professions Code §17200 *et seq.*, plus interest and costs.

Smaili & Associates, P.C.

Smaili & Associates, P.C.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For all actual, consequential, and incidental damages, including but not limited to loss of earnings and employee benefits, according to proof, but no less than three hundred thousand dollars ($300,000) and no more than three million dollars ($3,000,000);
2. For restitution for unfair competition pursuant to Business & Professions Code §17200 *et seq.*, resulting from Defendant's unlawful business acts and practices, according to proof;
3. For pre-judgment and post-judgment interest, according to proof;
4. For punitive and exemplary damages, according to proof;
5. For attorneys' fees, according to proof and statute;
6. For costs of suit incurred herein;
7. For such other relief that the Court may deem just and proper.

Dated: August 15, 2025

**SMAILI & ASSOCIATES, P.C.**

By: */s/ Jihad M. Smaili*

Jihad M. Smaili, Esq.
Stephen D. Counts, Esq.
Attorneys for Plaintiff
BRIAN NORWOOD

Smaili & Associates, P.C.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury.

Dated: August 15, 2025

**SMAILI & ASSOCIATES, P.C.**

By: */s/ Jihad M. Smaili*

Jihad M. Smaili, Esq.
Stephen D. Counts, Esq.
Attorneys for Plaintiff
BRIAN NORWOOD